IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Global Licensing, Inc., a Michigan Corporation, | ) ) ) ) | Civil Action No.:_____ Judge: _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** **(Jury Trial Demanded)** |
| BW Entertainment, LLC, a Minnesota Limited Liability Company, d/b/a Dream Ultra Lounge, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Global Licensing, Inc., for its Complaint against Defendant BW Entertainment, LLC d/b/a Dream Ultra Lounge ("Defendant"), alleges as follows:

## PARTIES

1.     Plaintiff Global Licensing, Inc. ("GLOBAL") is a corporation organized under the laws of Michigan with its principal place of business at 8252 East Lansing Road, Durand, Michigan 48429.

2.     Defendant BW Entertainment, LLC d/b/a Dream Ultra Lounge, is a limited liability company organized under the laws of Minnesota with its registered office address and principal place of business located at 26 North Fifth Street, Minneapolis, Minnesota 55403.

## JURISDICTION AND VENUE

3.     This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Minnesota statutory and common law.

4.     This Court has subject matter jurisdiction over the claims asserted in this action

pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a)-(b) because it involves an action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, Minn. Stat. § 325D.44, *et seq.* and Minnesota common law.

5.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims set forth herein because those claims are so related to the claims arising under federal law that they form part of the same case or controversy.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because defendant conducts business in Minnesota and a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## NATURE OF THE CASE

7.     GLOBAL brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its trademark "Dream Girls", which GLOBAL and its predecessor owner of the Mark, Deja Vu Consulting, Inc. ("CONSULTING") have used for many years in connection with its licensing of entertainment services and establishments.

8.     As described more fully below, without authorization or consent and with knowledge of the prior rights of GLOBAL and CONSULTING in GLOBAL's federally-registered mark, Defendant has commenced use of the service mark and trade name DREAM ULTRA LOUNGE in connection with its entertainment establishment.

9.     Defendant's use of the DREAM ULTRA LOUNGE mark is likely to lead consumers to incorrectly believe that Defendant or its entertainment services are authorized by, sponsored by or affiliated with GLOBAL and its well-known mark and services.  Defendant's use of the service mark and trade name DREAM ULTRA LOUNGE infringes GLOBAL's rights

in its DREAM GIRLS mark, and should therefore be enjoined.

## COMMON ALLEGATIONS

10.     GLOBAL is a preeminent licensing company and owner of the well-known DREAM GIRLS mark, which GLOBAL licenses in connection with entertainment services.

11.     GLOBAL is based in Durand, Michigan and licenses businesses throughout the United States. Since their creation, GLOBAL and CONSULTING have been considered two of the most innovative companies in the United States.

12.     GLOBAL currently licenses its DREAM GIRLS mark to numerous businesses and continues to expand in key locations across the United States, further developing its national reputation.   Presently, GLOBAL licenses the DREAM GIRLS mark to premier businesses located throughout the United States.

13.     Long prior to Defendant's adoption or use of the DREAM ULTRA LOUNGE mark, GLOBAL and CONSULTING commenced use of their DREAM GIRLS mark in connection with their nationally renowned services.

14.     On October 12, 1999, CONSULTING obtained Federal registration of the DREAM GIRLS Mark in connection with entertainment services and was assigned Registration No. 2,284,505.  A copy of the registration record for the DREAM GIRLS Mark is attached hereto as Exhibit "A."

15.     On April 12, 2012, CONSULTING assigned all right, title and interest to the DREAM GIRLS mark, including the Registration, to GLOBAL (the "Assignment").

16.     The Assignment was recorded with the United States Patent and Trademark Office on May 2, 2012.

17.     The DREAM GIRLS mark has been used in commerce since at least as early as

1991 and is now incontestable pursuant to 15 U.S.C. § 1065.

18. For over 25 years, GLOBAL and CONSULTING have invested substantial time, effort and resources in promoting and marketing the DREAM GIRLS Mark and licensees under and in connection with GLOBAL'S DREAM GIRLS Mark. For example, GLOBAL and CONSULTING have promoted and marketed their licensees of entertainment services in connection with their DREAM GIRLS Mark in print, media, billboards, social media and in other ways customary in the industry. In addition, the entertainment business licensees of GLOBAL and CONSULTING have been featured in reviews in regional and national publications.

19. GLOBAL and CONSULTING have extensively cross promoted the Mark by prominently displaying the name of DREAM GIRLS at their various licensees' establishments and through the DREAM GIRLS Facebook Page which is accessible nationwide.

20. Because of the cross-promotional efforts of GLOBAL and CONSULTING, patrons of the establishments of GLOBAL's licensees across the United States are familiar with the DREAM GIRLS Mark and associate it with GLOBAL.

21. As a result of the continuous and extensive use of the DREAM GIRLS Mark by GLOBAL and CONSULTING in connection with GLOBAL's licensing of entertainment establishments, the DREAM GIRLS Mark has developed considerable customer recognition. Indeed, marks using the term DREAM GIRLS have come to be recognized by customers as identifying and distinguishing GLOBAL's licensees alone.

22. The DREAM GIRLS Mark thus has acquired a further distinctiveness and secondary meaning signifying GLOBAL. GLOBAL and CONSULTING have cultivated and now GLOBAL owns considerable and valuable goodwill in and symbolized by the DREAM

GIRLS Mark.

23.     This consumer goodwill and recognition constitute one of GLOBAL's most valuable assets. Accordingly, the integrity of GLOBAL's DREAM GIRLS Mark is extremely important to GLOBAL and crucial to the continued vitality and growth of GLOBAL's business.

24.     GLOBAL and CONSULTING have spent, and continue to spend, significant amounts of money and capital resources constituting substantial investment to register and promote the DREAM GIRLS mark, to ensure its proper use, and to enjoin unlicensed and inappropriate uses.

## DEFENDANT'S INFRINGEMENT

25.     On information and belief, and long after GLOBAL and CONSULTING began their extensive promotion and use of their DREAM GIRLS Mark in connection with their services and obtained a federal registration for their DREAM GIRLS Mark, Defendant began promoting and opened an entertainment establishment located at 26 North Fifth Street, Minneapolis, Minnesota 55403 under the name "Dream Ultra Lounge."

26.     Defendant has chosen to emphasize the DREAM term over the descriptive ULTRA LOUNGE term in its mark:



27.     Upon information and belief, GLOBAL and Defendant target the same class of consumer.

28.     Upon information and belief, Defendant markets its services under the DREAM ULTRA LOUNGE mark in the same channels of trade used by GLOBAL to market its services.

29.     Upon discovering Defendant's use of the DREAM ULTRA LOUNGE mark,

GLOBAL demanded that Defendant cease use of the designation DREAM ULTRA LOUNGE as such use is likely to cause consumer confusion with GLOBAL and the services it offers under and in connection with its DREAM GIRLS Mark.

30.     GLOBAL, through its attorneys, has made written demands both via regular mail and hand delivery that Defendant cease and desist further infringement. However, Defendant has refused to cease promoting its DREAM ULTRA LOUNGE entertainment services and has indicated that it will continue to conduct the business of its entertainment establishment under and in connection with the mark DREAM ULTRA LOUNGE.

31.     Consumers have mistakenly believed that the services Defendant offers under the DREAM ULTRA LOUNGE mark are sponsored, endorsed, or approved by GLOBAL, or are in some other way affiliated, connected, or associated with GLOBAL all to its detriment.

32.     Defendant's DREAM ULTRA LOUNGE entertainment establishment is located only about 200 feet from GLOBAL'S DREAM GIRLS licensed establishment.

33.     Since DREAM ULTRA LOUNGE opened on December 31, 2014, DREAM GIRLS has received numerous telephone calls from consumers inquiring about DREAM ULTRA LOUNGE's services.  DREAM GIRLS has further received telephone calls from DREAM ULTRA LOUNGE's vendors inquiring as to deliveries, as well as had police arrive at DREAM GIRLS' place of business in response to a call placed by DREAM ULTRA LOUNGE.

34.     Upon information and belief, Defendant prior to opening its entertainment establishment under the DREAM ULTRA LOUNGE mark, through various corporate entities with the same incorporator, Mike Whitelaw, opened and operated other similar entertainment establishments beginning in 2002 at the same location under the names "Drink" "Uncle Buck's" and "Wellman's Pub" which were not confusingly similar to GLOBAL'S DREAM GIRLS

Mark.

35.     It was only after these establishments "failed" that around January 2015 the Defendant decided to trade off of the goodwill that GLOBAL and its licensee had additionally developed in the DREAM GIRLS Mark and open the DREAM ULTRA LOUNGE entertainment establishment at the specific location.

36.     Pursuant to 15 U.S.C. § 1072, Defendant had constructive knowledge of GLOBAL's federally-registered DREAM GIRLS Mark prior to Defendant's unauthorized use of the DREAM ULTRA LOUNGE mark, which is confusingly similar to GLOBAL's registered DREAM GIRLS Mark.

37.     Thus, Defendant knowingly and willfully adopted, used and continues to use a mark confusingly similar to GLOBAL's DREAM GIRLS Mark.

38.     In light of Defendant's use of the DREAM ULTRA LOUNGE mark in connection with similar services as those offered for many years by the licensees of GLOBAL and CONSULTING under their federally-registered DREAM GIRLS Mark, as well as Defendant's refusal to respond to GLOBAL's demands, GLOBAL has no choice but to protect its rights in its valuable DREAM GIRLS Mark through this action.

### COUNT I
### FEDERAL SERVICE MARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

39.     GLOBAL re-alleges and incorporates herein paragraphs 1 through 38 of this Complaint.

40.     Defendant's aforesaid use of the DREAM ULTRA LOUNGE mark is without GLOBAL's authorization or consent.

41.     Defendant's unauthorized use of the DREAM ULTRA LOUNGE mark in

connection with its promotion and provision of entertainment services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant or its services with GLOBAL's licensees and its federally-registered DREAM GIRLS Mark in violation of 15 U.S.C. § 1114(1)(a).

42.     Defendant's unauthorized conduct has deprived and will continue to deprive GLOBAL of the ability to control the consumer perception of its Mark and licensees of entertainment service businesses provided in connection with its DREAM GIRLS Mark, placing the valuable reputation and goodwill of GLOBAL in the hands of Defendant, over whom GLOBAL has no control.

43.     As a result of Defendant's conduct, GLOBAL has suffered substantial damage and irreparable harm to its DREAM GIRLS Mark, constituting an injury for which GLOBAL has no adequate remedy at law, unless this Court enjoins Defendant's conduct, GLOBAL will continue to suffer irreparable harm.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

44.     GLOBAL re-alleges and incorporates herein paragraphs 1 through 43 of this Complaint.

45.     GLOBAL and CONSULTING have offered entertainment services to the public under the DREAM GIRLS Mark since long prior to any acts of Defendant complained of herein.

46.     GLOBAL and CONSULTING have continually used their Registered Mark in commerce among the several states of the United States for entertainment services.

47.     GLOBAL's Registered Mark identifies and distinguishes its goods and services from the goods and services of others.

48. Long prior to any conduct of the Defendant complained of herein, GLOBAL and CONSULTING expended money, time and effort in advertising and promoting their entertainment services under the Registered DREAM GIRLS Mark throughout the United States.

49. By virtue of such sales and marketing efforts, the trademark of GLOBAL has become associated in the minds of the consumers and users of its goods and services and in the minds of the general public with GLOBAL, and with GLOBAL alone, and valuable goodwill has been built up in GLOBAL's Registered DREAM GIRLS Mark.

50. Long after GLOBAL's Registered DREAM GIRLS Mark had become well-known, Defendant began to infringe, and continues to infringe, upon the rights of GLOBAL by using the infringing DREAM ULTRA LOUNGE mark which is confusingly similar with GLOBAL's Registered DREAM GIRLS Mark.

51. Defendant has engaged in acts of unfair competition by the expectation of sales and promotion of entertainment services under a trademark and service mark which is confusingly similar to GLOBAL's Registered DREAM GIRLS Mark.

52. Defendant has used the infringing DREAM ULTRA LOUNGE mark in promotion and/or advertising and/or sale in commerce of entertainment services and related products and services.

53. It is evident from the similarity between GLOBAL's Registered DREAM GIRLS Mark and the infringing DREAM ULTRA LOUNGE mark used by Defendant, and from Defendant's advertisements, that the Defendant has deliberately and willfully used the infringing DREAM ULTRA LOUNGE mark for services that are substantially similar to GLOBAL's services in order to trade upon the reputation and goodwill that GLOBAL has established in its Registered DREAM GIRLS Mark.

54.     Because of Defendant's deceptive practices, customers are likely to be induced to purchase entertainment services and related products and/or services from Defendant in the belief that those goods or services are those of GLOBAL.

55.     Defendant's actions constitute federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

56.     Unless enjoined, Defendant's infringement of GLOBAL's DREAM GIRLS Registered Mark and Defendant's advertising, which includes words and other symbols tending falsely to describe or represent Defendant's goods and services as those of GLOBAL's, and Defendant's injection of such goods and/or services into commerce will result in the loss of distinctiveness of GLOBAL's Registered DREAM GIRLS Mark and the loss of goodwill and reputation attendant thereto.

57.     GLOBAL has no adequate remedy at law.

58.     Unless the Court restrains and enjoins Defendant from such activity, Defendant will persist in the unauthorized use of the DREAM ULTRA LOUNGE mark that infringes upon GLOBAL's Registered DREAM GIRLS Mark.

## COUNT III
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

59.     GLOBAL re-alleges and incorporates herein paragraphs 1 through 58 of this Complaint.

60.     Defendant's actions complained of herein are likely to cause confusion, mistake or deception among customers as to an affiliation, connection or association of Defendant's services with GLOBAL and its DREAM GIRLS Mark, and as to the origin, sponsorship or approval of Defendant and its services, in violation of Section 43(a) of the Lanham Act, 15

U.S.C. §1125(a).

61.     Defendant's unauthorized conduct has deprived and will continue to deprive GLOBAL of the ability to control the consumer perception of its entertainment service licensees provided in connection with its DREAM GIRLS Mark, placing the valuable reputation and goodwill of GLOBAL in the hands of Defendant, over whom GLOBAL has no control.

62.     Upon information and belief, Defendant has falsely designated the origin of its services and has caused such falsely designated services to enter into commerce.

63.     Defendant's actions constitute false designation of origin and a false description or representation that the Defendant's services are sponsored by or affiliated with GLOBAL and sold by GLOBAL.

64.     As a result of Defendant's conduct, GLOBAL has suffered substantial damage and irreparable harm to its DREAM GIRLS Mark, constituting an injury for which GLOBAL has no adequate remedy at law.   Unless this Court enjoins Defendant's conduct, GLOBAL will continue to suffer irreparable harm.

## COUNT IV
## FEDERAL TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))

65.     GLOBAL re-alleges and incorporates herein paragraphs 1 through 64 of this Complaint.

66.     The GLOBAL DREAM GIRLS Mark is well-known, distinctive, widely recognized and famous.

67.     Defendant is promoting, offering and advertising, or causing to be promoted, offered and advertised, and/or selling and offering for sale services in connection with the mark DREAM ULTRA LOUNGE, which is confusingly similar to the DREAM GIRLS Mark.

–11–

68. Defendant's use of the DREAM ULTRA LOUNGE mark in connection with advertising and promotion of the DREAM ULTRA LOUNGE entertainment establishment is likely to impair the distinctive quality of GLOBAL's DREAM GIRLS Mark by lessening the capacity of the mark to identify and distinguish GLOBAL exclusively as the source of goods or services offered in connection with the DREAM GIRLS Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C.§ 1125(c).

69. Defendant's acts complained of herein constitute violations of Section 43(c) of the Lanham Act, as amended, 15 U.S.C. § 1125(c), in that Defendant's use of a mark that is confusingly similar to the DREAM GIRLS Mark in connection with the advertising, promotion, and/or sale of its services, has caused dilution of the acquired distinctive quality of GLOBAL's DREAM GIRLS Mark.

70. Defendant has used, and continues to use, a mark which is confusingly similar to the DREAM GIRLS Mark without authorization of GLOBAL, for the wrongful purpose of benefitting from and trading upon the fame and goodwill attached to GLOBAL's DREAM GIRLS Mark so as to unfairly enhance the commercial value of Defendant's services.

71. Upon information and belief, Defendant does not own any federal or state trademark registrations for any mark that includes, in whole or in part the DREAM GIRLS Mark and cannot assert any legitimate rights in or to the DREAM GIRLS Mark.

72. Upon information and belief, the aforementioned acts and conduct of Defendant were carried out with the intent and purpose of appropriating and trading upon the goodwill and reputation of GLOBAL's DREAM GIRLS Mark, and of passing off Defendant's services as those of GLOBAL's Licensees.

73. The acts of Defendant complained of herein have diluted, blurred and tarnished

the strong and positive association between GLOBAL and the DREAM GIRLS Mark by causing GLOBAL's DREAM GIRLS Mark to be associated with services not organized, sponsored, or approved by GLOBAL.

**COUNT V**
**VIOLATION OF MINNESOTA'S TRADEMARK DILUTION**
**STATUTE (Minn. Stat. § 333.285)**

74.     GLOBAL re-alleges and incorporates herein paragraphs 1 through 73 of this Complaint.

75.     The acts of Defendant described above constitute trademark dilution in violation of the anti-dilution statutes of Minnesota, Minn. Stat. § 333.285.

76.     GLOBAL's DREAM GIRLS Mark is well-known and highly regarded in the State of Minnesota and became so long before the commencement of Defendant's activities as alleged herein.

77.     Defendant's wrongful activities have caused and are likely to continue to cause injury to GLOBAL's business reputation and to dilute the distinctive quality of GLOBAL's DREAM GIRLS Mark.

78.     Defendant has willfully intended to trade on the recognition of GLOBAL's famous DREAM GIRLS Mark.

79.     As a direct and proximate result of the conduct alleged above, GLOBAL has suffered and will continue to suffer damages and Defendant has been and continues to be unjustly enriched in an amount to be proven at trial.

80.     As a direct and proximate result of Defendant's foregoing acts and conduct, GLOBAL has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law, including without limitation, the loss of

consumer goodwill.

81.    Unless enjoined by this Court, said tortious actions by Defendant will continue to cause irreparable injury and other damage to GLOBAL's business, reputation, and goodwill of its DREAM GIRLS Mark.

82.    As a result of Defendant's conduct, GLOBAL is likely to suffer, and has in fact already suffered, commercial damage and pecuniary harm.

83.    GLOBAL has no adequate remedy at law and unless this Court enjoins Defendant's conduct, GLOBAL will continue to suffer irreparable harm.

### COUNT VI
### VIOLATION OF MINNESOTA'S DECEPTIVE TRADE PRACTICES ACT (Minn. Stat. § 325D.44, *et seq.*)

84.    GLOBAL re-alleges and incorporates herein paragraphs 1 through 83 of this Complaint.

85.    As a result of the actions set forth in the preceding Paragraphs, Defendant has engaged in unfair and deceptive trade practices in violation of Minnesota's Deceptive Trade Practices Act and is therefore liable in this civil action to GLOBAL under Minn. Stat. § 325D.44, *et seq.*

86.    Defendant has willfully engaged in these deceptive trade practices knowing them to be deceptive.

87.    Defendant's unauthorized use of the DREAM ULTRA LOUNGE mark in connection with entertainment services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with GLOBAL, or as to the origin, sponsorship, or approval of Defendant's entertainment services or commercial activities by GLOBAL and constitutes unfair and deceptive trade practices under the Deceptive Trade

Practices Act of the State of Minnesota.

88.     GLOBAL has been and will continue to be irreparably harmed by Defendant's actions. GLOBAL has no adequate remedy at law, and is therefore entitled to injunctive relief.

89.     Defendant has profited from its actions and has been unjustly enriched to the detriment of GLOBAL. Defendant's unlawful actions have caused GLOBAL damages in an amount to be determined at trial.

### COUNT VII
### COMMON LAW UNFAIR COMPETITION

90.     GLOBAL re-alleges and incorporates herein paragraphs 1 through 89 of this Complaint.

91.     As a result of the actions set forth in the preceding Paragraphs, Defendant has engaged in common law unfair competition under the laws of the State of Minnesota.

92.     Defendant's unauthorized use of the DREAM ULTRA LOUNGE mark in connection with entertainment services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with GLOBAL, or as to the origin, sponsorship or approval of Defendant's services or commercial activities by GLOBAL and constitutes common law unfair competition under the laws of the State of Minnesota.

93.     GLOBAL has been and will continue to be irreparably harmed by Defendant's actions. GLOBAL has no adequate remedy at law, and is therefore entitled to injunctive relief.

94.     Defendant has profited from its actions and has been unjustly enriched to the detriment of GLOBAL. Defendant's unlawful actions have caused GLOBAL damages in an amount to be determined at trial.

## COUNT VIII
## COMMON LAW SERVICE MARK INFRINGEMENT

95.     GLOBAL re-alleges and incorporates herein paragraphs 1 through 94 of this Complaint.

96.     GLOBAL is the owner of valid common law rights in its DREAM GIRLS Mark which it and CONSULTING have used continuously and in connection with their businesses for over 25 years and long prior to Defendant's adoption and first use of the DREAM ULTRA LOUNGE mark.

97.     Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's services with GLOBAL's licensees and its DREAM GIRLS Mark, and as to the origin, sponsorship or approval of Defendant and its services in violation of Minnesota common law.

98.     Defendant's unauthorized conduct also has deprived and will continue to deprive GLOBAL of the ability to control the consumer perception of its licensees' entertainment services provided in connection with its DREAM GIRLS Mark, placing the valuable reputation and goodwill of GLOBAL in the hands of Defendant, over whom GLOBAL has no control.

99.     Because Defendant had actual and constructive notice of GLOBAL's prior use of and rights in its DREAM GIRLS Mark before Defendant began using the DREAM ULTRA LOUNGE mark, Defendant willfully engaged in common law service mark infringement in violation of Minnesota law.

100.    As a result of Defendant's conduct, GLOBAL is likely to suffer, and has in fact already suffered commercial damage and pecuniary harm.

101.    As a direct and proximate result of the foregoing, GLOBAL has been and is likely to continue to be irreparably damaged unless Defendant is enjoined by this Court, as there is no

adequate remedy at law.

**COUNT IX**
**COMMON LAW UNJUST ENRICHMENT**

102.     GLOBAL re-alleges and incorporates herein paragraphs 1 through 101 of this Complaint.

103.     Defendant has been, is being and will continue to be unjustly enriched through its unauthorized use of the infringing DREAM ULTRA LOUNGE mark in connection with its entertainment establishment.

104.     As a result of Defendant's foregoing unlawful actions, Defendant has retained revenues to which it was not equitably or legally entitled, and was thereby unjustly enriched at GLOBAL's expense, in violation of the common law of Minnesota.

105.     As a direct and proximate result of the foregoing, GLOBAL has suffered and is entitled to an award of damages in an amount to be determined at trial to prevent Defendant from being unjustly enriched.

**PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, GLOBAL requests that this Court enter a judgment in favor of GLOBAL and against Defendant as follows:

    a.    Declaring that Defendant has infringed GLOBAL's DREAM GIRLS Mark and has engaged in deceptive trade practices and unfair competition;

    b.    Permanently enjoining and restraining Defendant, its agents, servants, employees and attorneys, and any other persons in active concert or participation with it, and any entity owned or controlled in whole or in part by Defendant from:

        i.    using, selling, offering for sale, holding for sale, advertising or

promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain that is comprised in whole or in part of the term DREAM GIRLS, or any term phonetically or otherwise substantially or confusingly similar to GLOBAL's DREAM GIRLS trademark;

ii. Engaging in any other activity constituting unfair competition with GLOBAL or constituting an infringement of GLOBAL's DREAM GIRLS trademark;

iii. Diluting or tarnishing GLOBAL's DREAM GIRLS trademark;

iv. Doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with GLOBAL's licensees, or that is likely to injure or damage GLOBAL's name, marks or business; or

v. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above; and

c. Requiring that Defendant:

i. Reimburse GLOBAL for all damages it has suffered due to Defendant's acts complained of herein;

ii. Pay to GLOBAL exemplary damages;

iii. Pay to GLOBAL their profits pursuant to 15 U.S.C. § 1117(a);

iv. Provide an accounting to determine the amount of earnings and profits obtained by Defendant from its wrongful infringement of

GLOBAL's Registered DREAM GIRLS Mark and from its other wrongful acts;

v.     Deliver to GLOBAL's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages, menus, and other printed materials bearing the DREAM ULTRA LOUNGE mark or any other mark confusingly similar to GLOBAL's DREAM GIRLS Mark and all plates, molds, matrices, screens or other means for making the same that are in their possession or control within 10 days of the entry of the order;

vi.    Reimburse GLOBAL, under 15 U.S.C. § 1117 and Minn. Stat. § 8.31, subd. 3a, for the costs it has incurred in bringing this action, together with its reasonable attorney fees and disbursements;

vii.   Pay GLOBAL pre-judgment interest, pursuant to Minn. Stat. § 549.09(b)-(c), accruing from December 31, 2014, the date of the written notice of the claim;

viii.  Pay GLOBAL post-judgment interest, pursuant to Minn. Stat. §§ 549.09(a), (c), from the date of entry of judgment until paid in full; and

d.     Awarding GLOBAL such other and further relief this Court deems equitable.

Respectfully submitted,

CHESTNUT CAMBRONNE PA

Dated: January <u>15</u>, 2016

By /s/ Natalie R. Walz
    Dennis B. Johnson (#0124564)
    Natalie R. Walz (#0349525)
    17 Washington Avenue North, Suite 300
    Minneapolis, MN 55401
    Telephone No. (612) 339-7300
    Email: djohnson@chestnutcambronne.com
           nwalz@chestnutcambronne.com

*Attorneys for Plaintiff Global Licensing, Inc.*



**Exhibit A**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 2,284,505

Registered Oct. 12, 1999

## SERVICE MARK
### PRINCIPAL REGISTER

## DREAM GIRLS

DEJA VU CONSULTING, INC. (MICHIGAN CORPORATION)
3800 CAPITOL CITY BOULEVARD
LANSING, MI 48906

FOR: ENTERTAINMENT SERVICES, NAMELY, PROVIDING LIVE VARIETY AND BURLESQUE SHOWS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 10-0-1991; IN COMMERCE 10-0-1991.

SER. NO. 75-362,924, FILED 9-12-1997.

ESTHER A. BORSUK, EXAMINING ATTORNEY