## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Global Licensing, Inc.,** | Case No. 16-cv-00099 (ADM/BRT) |
| **Plaintiff,** | |
| **v.** | **ANSWER** |
| **BW Entertainment, LLC,** | |
| **Defendant.** | |

Except as otherwise admitted, Defendant BW Entertainment, LLC denies each and every allegation in Plaintiff's Complaint and puts Plaintiff to its strictest burden of proof.  BW Entertainment answers the Complaint as follows:

### PARTIES

1.   BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2.   Admit.

### JURISDICTION AND VENUE

3.   Admit that Global purports to state an action arising under the Lanham Act and Minnesota statutory and common law.

4.   Paragraph 4 purports to state legal conclusions and therefore no

responsive pleading is required.  BW Entertainment denies the remaining allegations, if any, in Paragraph 4.

5.   Paragraph 5 purports to state legal conclusions and therefore no responsive pleading is required.  BW Entertainment denies the remaining allegations, if any, in Paragraph 5.

6.   Paragraph 6 purports to state legal conclusions and therefore no responsive pleading is required.  BW Entertainment admits that it conducts business in Minnesota and denies the remaining allegations, if any, in Paragraph 6.

## NATURE OF THE CASE

7.   BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8.   Paragraph 8 purports to state legal conclusions and therefore no responsive pleading is required.  BW Entertainment admits that it uses the assumed name Dream UltraLounge and denies the remaining allegations, if any, in Paragraph 8.

9.   Deny.  BW Entertainment affirmatively states that: 1) there is no similarity between Global's "DreamGirls" mark and Dream UltraLounge other than use of the word "dream," which has not and cannot be

trademarked; 2) DreamGirls does not compete with Dream UltraLounge as the two have entirely different businesses: DreamGirls is an adult entertainment strip club where patrons pay money in exchange for female entertainers dancing nude while Dream UltraLounge is a bar/lounge concept that serves alcohol and emphasizes its light and sound system – a strict dress code is enforced and no female entertainers dance nude for money; 3) BW Entertainment did not intend to pass off its services as those of Global; in fact, it would not be possible to do so given the fundamental differences between the businesses; 4) no one could reasonably be confused between the businesses given the fundamental differences between the businesses; and 5) the services, costs, and conditions of purchase are vastly different between the businesses.

## COMMON ALLEGATIONS

10. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the same.

11. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12. BW Entertainment lacks knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Paragraph 17 purports to state legal conclusions and therefore no responsive pleading is required.  BW Entertainment denies the remaining allegations, if any, in Paragraph 17.

18. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19.   BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same.

21. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23.BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

## DEFENDANT'S INFRINGEMENT

25. Admit that BW Entertainment operates a lounge at 26 North Fifth

Street in Minneapolis called Dream UltraLounge.  Denies the remaining

allegations to the extent any exist.

26. Deny and states that the logo speaks for itself.

27.  Deny.

28.  Deny.

29.  Admit that Global's attorneys sent correspondence demanding that

BW Entertainment cease use of the name Dream UltraLounge.  BW

Entertainment affirmatively states that it responded in writing to Global's

correspondence and made clear that, pursuant to well-established Eighth

Circuit precedent, no likelihood of confusion exists.  Global chose to pursue

suit anyway.

30. Admit that Global's attorneys sent correspondence demanding that

BW Entertainment cease use of the name Dream UltraLounge.  BW

Entertainment affirmatively states that it responded in writing to Global's

correspondence and made clear that, pursuant to well-established Eighth

Circuit precedent, no likelihood of confusion exists.  Global chose to pursue

suit anyway.

31. BW Entertainment lacks knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 31 of the Complaint

and therefore denies the same.

32. BW Entertainment admits that it operates Dream UltraLounge at 26 North Fifth Street in Minneapolis; lacks information to form a belief as to the truth of the remainder of allegations in Paragraph 32 and therefore denies the same.

33. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34. Paragraph 34 purports to state legal conclusions and therefore no responsive pleading is required. BW Entertainment admits that Mike Whitelaw operated other bars at the same location prior to Dream UltraLounge, including Drink, Uncle Buck's, and Wellman's Pub. BW Entertainment denies the remaining allegations, if any, in Paragraph 34.

35. Deny.

36. Paragraph 36 purports to state legal conclusions and therefore no responsive pleading is required. BW Entertainment denies the remaining allegations, if any, in Paragraph 36.

37. Deny.

38. Deny.

## COUNT I
## FEDERAL SERVICE MARK INFRINGEMENT
## 15 U.S.C. § 1114(1)(a)

39. No response necessary.

40.  Admit that BW Entertainment's use of Dream UltraLounge is without Global's consent and affirmatively state that no such consent is necessary as Dream UltraLounge does not infringe on Global's mark and is not likely to cause confusion.

41. Deny.

42.  Deny.

43.  Deny.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

44. No response necessary.

45.  BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore denies the same.

46. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and therefore denies the same.

47. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and therefore denies the same.

48. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore denies the same.

49. BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and therefore denies the same.

50. Deny.

51. Deny.

52. BW Entertainment admits that it operates a bar called Dream Ultra Lounge and denies the remaining allegations, if any, of Paragraph 52.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny that Global is entitled to any remedy, as BW Entertainment's mark does not infringe.

58. Admit that BW Entertainment will continue to operate Dream UltraLounge as it does not infringe on Global's mark; deny the remaining allegations, if any.

## COUNT III
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. §1125(a)

59. No response necessary.

60.  Deny.

61.  Deny.

62.  Deny.

63.  Deny.

64.  Deny.

## COUNT IV
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. §1125(c)

65. No response necessary.

66.  BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies the same.

67. Admit that BW Entertainment promotes its bar, Dream UltraLounge. Deny that Dream UltraLounge is confusingly similar to Global's mark; deny the remaining allegations, if any.

68. Deny.

69.  Deny.

70.  Deny.

71.  Admit that BW Entertainment does not hold a trademark registration for DREAM GIRLS.  Affirmatively state that Global has not trademarked, and cannot trademark, the word "Dream."  Deny the remaining allegations, if any.

72. Deny.

73.  Deny.

## COUNT V
## VIOLATION OF MINNESOTA'S TRADEMARK DILUTION STATUTE, Minn. Stat. § 333.285

74. No response necessary.

75.  Deny.

76.  BW Entertainment lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore denies the same.

77. Deny.

78.  Deny.

79.  Deny.

80.  Deny.

81.  Deny.

82.  Deny.

83.  Deny that Global is entitled to any remedy as BW Entertainment's

mark does not infringe; deny the remaining allegations, if any.

## COUNT VI
## VIOLATION OF MINNESOTA'S DECEPTIVE TRADE PRACTICES ACT, Minn. Stat. § 325D.44, et seq.

84. No response necessary.

85.  Deny.

86.  Deny.

87.  Deny.

88.  Deny.

89.  Deny.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

90. No response necessary.

91.  Deny.

92.  Deny.

93.  Deny.

94.  Deny.

## COUNT VIII
## COMMON LAW SERVICE MARK INFRINGEMENT

95. No response necessary.

96.  BW Entertainment lacks knowledge or information sufficient to form

a belief as to the truth of the allegations of Paragraph 96 and therefore denies the same.

97. Deny.

98. Deny.

99. Deny.

100.    Deny.

101.    Deny.

## COUNT IX
## COMMON LAW UNJUST ENRICHMENT

102.    No response necessary.

103.    Deny.

104.    Deny.

105.    Deny.

## AFFIRMATIVE DEFENSES

106.    This case is an "exceptional case" warranting an award of attorney fees to BW Entertainment.

107.    Fair use.

108.    The Complaint fails to state a claim upon which relief can be granted.

109.    No likelihood of confusion.

110.    Defendant has not infringed on any valid and enforceable

trademark right of Plaintiff.

111.    15 U.S.C. § 1115(b)(4).

112.    15 U.S.C. § 1115(b)(8).

113.    15 U.S.C. § 1115(b)(9).

114.    Abandonment.

## PRAYER FOR RELIEF

WHEREFORE, Defendant BW Entertainment requests judgment as follows:

a.   Dismissal of the Complaint with prejudice;

b.   An award of Defendant's attorney fees and costs as permitted by law; and

c.   Such other relief as the Court deems just.

## JURY TRIAL DEMAND

BW Entertainment demands a jury trial on all issues so triable.

Dated: March 30, 2016                    **MADIA LAW LLC**

s/J. Ashwin Madia
J. Ashwin Madia, MN 321187
Joshua Newville, MN 395221
Cody Blades, MN 396341
345 Union Plaza
333 Washington Ave. N.
Minneapolis, Minnesota 55401
Tel: 612.349.2723
Fax 612.235.3357
jamadia@madialaw.com